## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCEMENT PROJECT,<br>1220 L Street, N.W.<br>Suite 850<br>Washington, DC 20005<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane, S.W.<br>Washington, D.C. 20528<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br>500 12th Street, S.W.<br>Washington, D.C. 20536<br><br>U.S. CUSTOMS AND BORDER<br>PROTECTION<br>1300 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20229<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)        Civil Action No. 19-cv-955<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

for declaratory and injunctive relief to compel the disclosure and release of agency records

requested by Plaintiff, Advancement Project from the Defendants U.S. Department of

Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), and

the U.S. Customs and Border Protection ("CBP"). The documents in question relate to the

Government's use of traffic stops, checkpoints, and roving patrols in Miami-Dade County from January 2017 through March 2018.

2.    Advancement Project challenges DHS's, ICE's, and CBP's failure to disclose and release responsive records, and DHS's and CBP's failure to make a decision regarding fee waivers. Advancement Project seeks injunctive and other appropriate relief.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to under 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(E)(iii).

4.    Venue is appropriate in the District of Columbia pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1391 (e).

## PARTIES

5.    Plaintiff Advancement Project ("AP") is a non-profit, next generation, multi-racial civil rights organization. Rooted in the great human rights struggles for equality and justice, AP exists to fulfill America's promise of a caring, inclusive and just democracy. AP provides legal, organizing, and communications support to grassroots organizations across the country in its Power and Democracy Project, Justice Project, Opportunity to Learn Project, and the Immigrant Justice Project.  Since 1999, AP has regularly written reports in educating the public on issues such as voting rights, school discipline, restoration of civil rights, restoration of civil rights for returning citizens, and criminalization of undocumented persons. AP staff have testified before state and federal legislative bodies on civil rights and racial justice. AP holds press conferences, issues press releases,

disseminates its reports on its website, http://www.advancementproject.org, and through social media platforms.

6.      Defendant DHS is a department within the executive branch of the United States government. It is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C. Upon information and belief, DHS has possession, custody, and control over the records Plaintiff seeks.

7.      Defendant ICE is a component agency of DHS.  It is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C. Upon information and belief, ICE has possession, custody, and control over the records Plaintiff seeks.

8.      Defendant CBP is a component agency of DHS.  It is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C. Upon information and belief, CBP has possession, custody, and control over the records Plaintiff seeks.

## STATEMENT OF FACTS

9.      Since January 2017, the current administration has introduced numerous changes in immigration policy through executive and administrative actions, including declarations of intent to increase local law enforcement collaboration with federal immigration enforcement and in general increase enforcement activities locally, which is the subject matter of the request at issue in this complaint.[1]  Many of these proposals and initiatives

---

[1] *See* Border Security and Immigration Enforcement Improvements, Exec. Order No. 13767, 82 Fed. Reg. 8793 (Jan. 25, 2017); Enhancing Public Safety in the Interior of the United States, Exec. Order No. 13768, 82 Fed. Reg. 8799 (Jan. 25, 2017); Protecting the Nation from Foreign Terrorist Entry Into the United States, Exec. Order No. 13780, 82 Fed. Reg. 13209 (Mar. 9, 2017).

have caused great alarm among immigrant communities and advocates, as well as great discord within the legal community.[2]

10.       Following the announcement of these policy changes, Plaintiff was in communication with WeCount!, an organization that strives to build the power of the immigrant community in Homestead, Florida through education, support, and collective action.[3] Plaintiff has provided communications and advocacy support to WeCount! in the past. WeCount! shared with Plaintiff that their constituents were being subject to alarming practices ranging from random traffic stops, checkpoints, and roving patrols, by ICE and sometimes by CBP in the Homestead area of Miami-Dade County. Numerous constituents were stopped, detained, and some were also deported.

11.       In order to provide additional advocacy support, Plaintiff began working on a FOIA request regarding ICE and CBP policies involving traffic stops, roving patrols, and checkpoints conducted in Miami-Dade County where WeCount! is headquartered.

**Plaintiff's FOIA Request to DHS, ICE, and CBP**

12.       On May 7, 2018, Plaintiff submitted a FOIA request to DHS, ICE, and CBP. The request sought the following documents:

1. All memoranda, reports, legal memoranda, guidance, correspondence, communications, or other documents regarding traffic stops, checkpoints, or roving patrols, jointly conducted by CBP and ICE or separately conducted by ICE or CBP;

---

[2] *See* Inés Valdez, Mat Coleman and Amna Akbar, *Donald Trump says he's just enforcing immigration law. But it's not that simple.* WASH. POST (Nov. 7, 2017). https://www.washingtonpost.com/news/monkey-cage/wp/2017/11/06/donald-trump-says-hes-just-enforcing-immigration-law-but-its-not-that-simple/?noredirect=on&utm_term=.c03b1e7c8719.

[3] WeCount!, http://we-count.org/ (last visited Apr. 1, 2019).

2.  All memoranda, reports, legal memoranda, guidance, correspondence, communications, or other documents regarding traffic stops, checkpoints, roving patrols, in Miami Dade County, specifically in Homestead, Florida City, Redlands region of Miami Date County, jointly conducted by CBP and ICE or separately conducted by ICE or CBP;

3.  For the period of January 2017 through March 2018, a list of all cases of individuals, arrested by ICE and CBP in Homestead, Florida City, and Redlands region of Miami-Dade County; including dates of and reason for arrest, country of origin, immigration status, with identifying information redacted as required;

4.  For the period of January 2017 through March 2018, all memoranda, guidance, reports, correspondence, communications, or other records or documents reflecting the locations of ICE and CBP enforcement activities undertaken in the Homestead, Florida City, Redlands area in Miami-Dade County, Florida;

5.  For the period of January 2017 through February 2018, a list of all permanent checkpoints, temporary checkpoints, and roving stops conducted by ICE in Homestead, Florida City, Redlands area in Miami-Dade County, including their location and all memoranda, guidance, reports, correspondence, communications, or other documents related to these enforcement activities;

6.  All records, memoranda, guidance, reports, correspondence, communications or other documents referring or relating to ICE's policies and practices related to driver's license, sobriety or other vehicle checkpoints in the State of Florida, including but not limited to all records relating to

    a.  "Avoid the 13" DUI Enforcement Campaign or other checkpoint campaigns;
    b.  Rules, criteria, procedures or guidelines for when, where, and how such checkpoints will be conducted;
    c.  Notices provided to the public of any checkpoint including but not limited to photographs or copies of any signs placed along the streets leading up to them;
    d.  State or federal funding and grant applications, including rules, criteria, procedures or guidelines implemented as a result of ICE having received funding;
    e.  Formal and informal agreements ICE has, may have or has considered having with the Miami Police Department, Miami-Dade Police Department, Florida City Police Department, Homestead Police Department, or with any other federal, state, or local agency regarding the operation of vehicle checkpoints;

7.  All records, memoranda, guidance, reports, correspondence, communications or other documents referring or relating to CBP's policies and practices related to

driver's license, sobriety or other vehicle checkpoints in the State of Florida, including but not limited to all records relating to

    a.  "Avoid the 13" DUI Enforcement Campaign or other checkpoint campaigns;

    b.  Rules, criteria, procedures or guidelines for when, where, and how such checkpoints will be conducted;

    c.  Notices provided to the public of any checkpoint including but not limited to photographs or copies of any signs placed along the streets leading up to them;

    d.  State or federal funding and grant applications, including rules, criteria, procedures or guidelines implemented as a result of CBP having received funding;

    e.  Formal and informal agreements CBP has, may have or has considered having with the Miami Police Department, Miami-Dade Police Department, Florida City Police Department, Homestead Police Department, or with any other federal, state, or local agency regarding the operation of vehicle checkpoints.

13.      Plaintiff sought a full fee waiver pursuant to both 5 U.S.C. § 552 (a)(4)(A)(iii) and 6 C.F.R. § 5.11(k)(1)(public interest waivers).

14.      Under the 5 U.S.C. § 552(a)(4)(A)(iii) provision, a requesting party is entitled to a waiver of all costs when disclosure of the information is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). *See also* 6 C.F.R. § 5.11(k).

15.      The disclosed records will educate the public and contribute significantly to public understanding of the policies advanced by the administration, which directly affect thousands and indirectly many more. The disclosed records are also not primarily in the commercial interest of Plaintiff. The requested information would be disseminated without cost to members of the public and would not be used for any commercial gain, as Plaintiff would provide public access to the documents, summarize the policy implications, and provide guidance on how impacted organizations, including WeCount!, and their

constituents are being affected by these enforcement policies. Plaintiff also anticipates producing materials summarizing the information collected in a report, creating social media posts, and posting information on the Advancement Project website.

16.      Plaintiff substantiated in its FOIA request that as requester it met the standard for fee waivers.

## Lack of Correspondence from DHS

17.      To date, DHS has provided no correspondence regarding this FOIA request, including no acknowledgement of receipt of the FOIA request, no determination of the FOIA Request, and no determination regarding the fee waiver.

18.      Plaintiff has exhausted the administrative remedies with respect to its FOIA request to DHS and request for fee waiver.

19.      DHS has wrongfully withheld the requested records from the Plaintiff.

## Correspondence from ICE

20.      As stated in Paragraph 12, by letter to ICE dated May 7, 2018, Plaintiff submitted a FOIA Request.

21.      On May 11, 2018, in a letter ("05/11/2018 ICE Acknowledgement Letter"), ICE acknowledged receipt of Plaintiff's request, received by ICE on May 7, 2018. The 05/11/2018 ICE Acknowledgement Letter informed Plaintiff that it had begun processing the Request and invoked the 10-day extension of time to respond pursuant to 5 U.S.C. §

552(a)(6)(B). Additionally, ICE denied Plaintiff's request for expedited processing.[4] ICE also assigned Plaintiff's request the tracking number 2018-ICFO-35022.

22.        The 05/11/2018 ICE Acknowledgement Letter also contained a tacit denial of Plaintiff's request for a fee waiver, identifying Advancement Project as a "commercial requester."

23.        On June 7, 2018, Plaintiff sent a letter to ICE appealing the denial of a fee waiver in which Plaintiff detailed how it met the DHS criteria for waiver under 6 C.F.R. § 5.11(k)(1), and further how Plaintiff also met the promulgated DHS criteria for waiver under 6 C.F.R. § 5.11(k)(2).

24.        On June 13, 2018, in a letter ("06/13/2018 ICE Acknowledgment Letter"), ICE again acknowledged receipt of the initial request, as well as granted the request for a fee waiver.

25.        As of today's date, Plaintiff has received no further correspondence from ICE. ICE has not provided the records requested by Plaintiff in its FOIA request.

26.        Plaintiff has exhausted the administrative remedies with respect to its FOIA request to ICE.

27.        ICE has wrongfully withheld the requested records from the Plaintiff.

### Lack of Correspondence from CBP

28.        As stated in Paragraph 12, by letter to CBP dated May 7, 2018, Plaintiff submitted a FOIA Request.

---

[4] Plaintiff decided not to appeal ICE's denial of the expedited processing request.

29.      To date, CBP has provided no correspondence regarding this FOIA request, including no acknowledgement of receipt of the FOIA request, no determination regarding the FOIA Request and no determination regarding the fee waiver. According to the online FOIA Request portal on the CBP website, CBP assigned tracking number CBP-2018-054544 to the FOIA Request.

30.      Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to CBP.

31.      CBP has wrongfully withheld the requested records from the Plaintiff.


### CAUSE OF ACTION

### COUNT I
### FOIA Violation: Failure To Disclose and Release Responsive Records
### (Against Defendant DHS, ICE, and CBP)

32.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 as if repeated and reincorporated herein.

33.      Plaintiff properly requested records that on information and belief are currently within the possession, custody, and control of DHS, ICE, and CBP.

34.      DHS, ICE, and CBP are agencies subject to FOIA, therefore they must make reasonable efforts to search for requested records.

35.      DHS has violated Plaintiff's right to DHS records under 5 U.S.C. § 552.

36.      ICE, a component of DHS, has violated Plaintiff's right to ICE records under 5 U.S.C. § 552.

37.      CBP, a component of DHS, has violated Plaintiff's right to CBP records under 5 U.S.C. § 552.

38.     Plaintiff has exhausted all administrative remedies with respect to its FOIA request for records under 5 U.S.C. § 552 (a)(6)(C)(i).

39.     Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552 (a)(3)(A), to the records it requested, and there is no legal basis for DHS, ICE, and CBP's failure to disclose them.

## COUNT II
### FOIA Violation: Failure to Grant Plaintiff's Request for Fee Waiver
### (Against Defendants DHS and CBP)

40.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 as if repeated and reincorporated herein.

41.     DHS has failed to make a determination regarding Plaintiff's fee waiver request within the time period required by 5 U.S.C. § 552 (a)(6)(A)(i).

42.     By failing to grant Plaintiff's request for a fee waiver, DHS violated Plaintiff's right to a fee waiver under 5 U.S.C. § 552 (a)(4)(A)(iii).

43.     CBP has failed to make a determination regarding Plaintiff's fee waiver request within the time period required by 5 U.S.C. § 552 (a)(6)(A)(i).

44.     By failing to grant Plaintiff's request for a fee waiver, CBP violated Plaintiff's right to a fee waiver under 5 U.S.C. § 552 (a)(4)(A)(iii).

45.     The interest of the Plaintiffs and the public in the requested records are irreparably harmed by the Defendants' denial of a fee waiver. That harm outweighs any burden placed on the Defendants in granting the Plaintiff's request, which is a burden imposed by Congress in the FOIA statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(1) Assume jurisdiction over this matter;

(2) Declare that Defendants' withholding of the requested records is unlawful;

(3) Declare that CBP and DHS's denial of a fee waiver for Plaintiff's FOIA request violates the FOIA;

(4) Order Defendants' to immediately conduct a reasonable search for all responsive records and to make available all records responsive to the requests;

(5) Order each Defendant to grant Plaintiff a public interest fee waiver;

(6) Award Plaintiff costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552 (a)(4)(E) and 24 U.S.C. § 2412; and

(7) Grant all other relief as the Court deems just and proper.


Dated: April 4, 2019                     Respectfully submitted,

                                         /s/ Losmin Jimenez
                                         DC Bar No. 198691
                                         Project Director and Senior Attorney for
                                         Immigrant Justice

                                         /s/ Gilda Daniels
                                         DC Bar No. 462819
                                         Director of Litigation

                                         ADVANCEMENT PROJECT
                                         1220 L Street, Suite 850
                                         Washington, DC 20005
                                         Tel: (202) 728-9557
                                         Fax: (202) 728-9558

                                         LJimenez@advancementproject.org
                                         GDaniels@advancementproject.org

                                         Counsel for Plaintiff